### CASEY *et al. v.* KING *et al.*

GILBERT, J. On May 15, 1926, a petition was presented at Pearson, in Atkinson County, Alapaha Circuit, to Hon. Jon. P. Knight, judge of the superior courts of the Alapaha Circuit, alleging, in substance, that on March 23, 1926, petitioners, in the absence from the Brunswick

Injunctions, 32 C. J. p. 501, n. 51.

Circuit of Hon. J. P. Highsmith, judge of the superior courts thereof, presented to Judge Knight a petition against Thomas Casey, chairman, and other named members of the board of commissioners of roads and revenues of Camden County (located in the Brunswick Circuit), which petition sought an injunction to prevent said commissioners from constructing a court-house in Camden County under a. contract entered into between them and the firm of McGowen & Ramsey; that on the presentation of this petition Judge Knight passed an order granting a rule nisi, providing for service, and ordering that the defendants "show cause before the presiding judge on the 7th day of April, 1926, at Woodbine, Ga., why they should not be enjoined as prayed" (Woodbine being the county seat of Camden County); that said order also provided that the defendants be restrained from proceeding under the contract to erect a court-house until further order of the court, and recited that jurisdiction was assumed because it was made to appear that Judge Highsmith was not within the Brunswick Circuit; and that after the rendition of the above-stated rule nisi and restraining order the defendants executed another contract identical with the original contract, with the same firm of contractors, for the erection of a court-house, and were proceeding to carry out the terms thereof in violation of the aforesaid restraining order. The prayer was that the named commissioners be cited for contempt of court and punished as provided by law. The defendants demurred to the petition, filed a plea to the jurisdiction, and answered subject to their demurrer and plea. Judge Knight heard the case at Nahunta, Brantley County (in the Waycross Circuit); and an order was passed providing that judgment might be rendered at Nashville, Berrien County (in the Alapaha Circuit). On the last-named date the. court' rendered a judgment at Nashville, adjudging the defendants to be in contempt of court, but not expressly ruling on the demurrer or plea to the jurisdiction. The defendants excepted. *Held,* that the court erred in holding jurisdiction. The rule nisi and restraining order were passed without the Brunswick Circuit by the judge of the Alapaha Circuit, because it appeared on the date the order was passed that the judge of the Brunswick Circuit was absent therefrom. The terms of the order required the defendants to appear at the county seat of Camden County in the Brunswick Circuit, before the presiding judge of that circuit. The acts done by the defendants and alleged to constitute contempt were cognizable only by the superior court of Camden County; and if shown to amount to contempt, the contempt was of the superior court of Camden County. It not appearing that the judge of the Brunswick Circuit was absent· therefrom at the time of the hearing on the charge of contempt, the judge of the Alapaha Circuit did not have jurisdiction of the case.

*Judgment reversed. All the Justices concur, except Atkinson, J., disqualified.*

No. 5579.   MARCH 17, 1927.

Contempt.   Before Judge Knight.   Camden superior court. June 26, 1926.

*Conyers. & Gowen* and *F. M. Scarlett,* for plaintiffs in error.
*S. C. Townsend,* contra.